UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

EUGENE THOMAS,                                NOT FOR PUBLICATION

                Plaintiff,              **MEMORANDUM & ORDER**
                                              14-CV-4636 (MKB)
      v.

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On August 1, 2014, Plaintiff Eugene Thomas, proceeding *pro se*, filed this action against the New York City Housing Authority. He seeks $350 million in actual and punitive damages. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint and directs Plaintiff to file an amended complaint within 30 days.

**I.   Background**

Plaintiff's statement of claim consists of the following:

> Violation of Federal, Constitutional rules and regulations [. . . .] October 1999 fraudulent seizure of Federal funds (Social Security Disability benefits) - January 1990 knowingly, willingly placing Plaintiff in an illegal residence causing Plaintiff physical and p[]sychological pain - September 2000 Plaintiff denied rights granted in U.S. Bill of Rights (Amendments V and VI) causing Plaintiff to be placed in bondage for fourteen years, Plaintiff ability at ". . . life, liberty and the pursuit of happiness" taken away.

(Compl. at 1 (last alteration in original).[1]

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

---

[1] Plaintiff previously filed an action against the Social Security Administration requesting information about and contesting the appointment of a guardian *ad litem* to receive Plaintiff's social security funds. The Court dismissed Plaintiff's action on May 2, 2013. *See Thomas v. Soc. Sec. Admin.*, No. 11-CV-3698, 2013 WL 1873281, at *5 (E.D.N.Y. May 2, 2013), *aff'd*, 551 F. App'x 24 (2d Cir. 2014).

### b. Fair notice

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules of Civil Procedure is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

Plaintiff's Complaint contains only vague and conclusory statements. Plaintiff's claim, as presented, does not provide sufficient information for Defendant to meaningfully respond. Therefore, the Complaint is dismissed without prejudice. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [Rule 8's] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."); *see also Kalter v. Hartford Ins. Co. of the Midwest*, --- F. Supp. 2d ---, ---, 2014 WL 1515657, at \*4 (E.D.N.Y. Apr. 17, 2014) (dismissing, *sua sponte*, certain "broad, vague and generalized" claims); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at \*1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint because plaintiff supplied "no facts" to support a federal cause of action against the named defendant).

### c. Statute of Limitations

Beyond Plaintiff's failure to provide fair notice in accordance with Rule 8 of the Federal Rules of Civil Procedure, the Complaint raises a statute of limitations concern. Plaintiff alleges

violations of his "Federal and Constitutional rules and regulations," accordingly, the Court understands Plaintiff to be bringing a civil rights action pursuant to 42 U.S.C. § 1983. The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir.2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal quotation marks omitted)).

Plaintiff identified January 1990, October 1999 and September 2000 as ostensibly operative dates. Plaintiff filed this action on August 1, 2014, more than twenty three years after the earliest date and almost fourteen years after the latest date. It appears that Plaintiff's claims, to the extent that they are based on actions which took place in January 1990, October 1999, and September 2000, even if satisfactorily pled, would be time-barred.

### III. Conclusion

For the foregoing reasons, the Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with federal pleading

4

requirements, Fed. R. Civ. P. 8.

Plaintiff is granted 30 days leave to file an amended complaint. The amended complaint must be captioned as "Amended Complaint," and bear the same docket number as this Memorandum and Order. The amended complaint must include a statement of claim against each defendant named who was personally involved in the alleged deprivation of Plaintiff's rights. Plaintiff cannot rely on legal conclusions. Plaintiff must provide facts to support all of his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff must also provide the dates and locations of all relevant events, including any basis for tolling the three-year statute of limitations period should his claim arise under § 1983.

If Plaintiff fails to file an amended complaint within 30 days, the Court shall dismiss this Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 29, 2014
       Brooklyn, New York