UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

EUGENE THOMAS,

Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORITY,

Defendant.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-4636 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Eugene Thomas, appearing *pro se*, commenced the above-captioned action on August 1, 2014, against Defendant New York City Housing Authority. By Memorandum and Order dated September 29, 2014, the Court dismissed Plaintiff's Complaint with leave to file an amended complaint within 30 days. (Docket Entry No. 4.) On October 16, 2014, Plaintiff filed an Amended Complaint and a motion to recuse the Court from the case. (Docket Entry No. 5.) For the reasons set forth below, the Court denies Plaintiff's motion for recusal and dismisses Plaintiff's Amended Complaint.

## I. Background

In his initial Complaint, Plaintiff alleged that his constitutional rights were violated, stating that:

> October 1999 fraudulent seizure of Federal funds (Social Security Disability benefits) – January 1990 knowingly, willingly [sic] placing Plaintiff in an illegal residence causing Plaintiff physical and phsychological [sic] pain – September 2000 Plaintiff denied rights granted in U.S. Bill of Rights (Amendments V and VI) causing Plaintiff to be placed in bondage for fourteen years, Plaintiff [sic] ability at ". . . life, liberty and the pursuit of happiness" taken away.

(Compl. 1, Docket Entry No. 1). By Memorandum and Order dated September 29, 2014 ("September 2014 Decision"), the Court dismissed Plaintiff's Complaint for failure to conform to federal pleading requirements and for failure to state a claim. (Docket Entry No. 4.) The Court noted that to the extent Plaintiff was attempting to bring a claim under 42 U.S.C. § 1983, such a claim appeared to be bared by the statute of limitations. (*Id*.) Plaintiff was granted 30 days to file an amended complaint. The Court directed Plaintiff to include a statement of claim against each named defendant personally involved in the alleged deprivation of his rights, and to provide facts to support his claims, including the dates and locations of all relevant events, as well as any basis for tolling the three-year statute of limitations period. (*Id.*)

In his Amended Complaint, Plaintiff appears to disagree with the Court's September 2014 Decision. Plaintiff asserts that he believes in "Articles 8 and 25-1 of the Universal Declaration of Human Rights" but that this Court "refuses to even acknowledge the existence of that document." (Am. Compl. 1.) Plaintiff also asserts that the Court's reference to the statute of limitations in the September 2014 Decision indicates that "Washington D.C. is ignored in this Court, Governor Andrew Cuomo holds power here, and Plaintiff should be appealing to the Governor." (*Id*.) In what appears to be an expression of his displeasure with the Court's decision in a prior proceeding brought by Plaintiff,[1] Plaintiff asserts that neither this Court, nor

[1] In *Thomas v. Social Security Administration*, No. 11-CV-3698, 2013 WL 1873281 (E.D.N.Y. May 2, 2013), Plaintiff filed a complaint pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a) ("FOIA"), seeking information about the appointment of a guardian *ad litem* to receive Plaintiff's social security funds and contesting said appointment ("May 2013 Decision"). The Court granted Defendant's motion for summary judgement finding that Defendant conducted a reasonable search pursuant to FOIA and had satisfied its burden of searching for documents requested by Plaintiff. *Thomas v. Soc. Sec. Admin.*, No. 11-CV-3698, 2013 WL 1873281, at *3 (E.D.N.Y. May 2, 2013). In addition, because Plaintiff failed to present his challenge to the appointment of a representative payee to the Social Security Administration ("SSA"), he failed to exhaust his administrative remedies and the Court therefore had no subject

the appellate judges who affirmed the Court's decision in the prior proceeding, seek the truth. (*Id*.) Plaintiff requests that the Court "remove [it]self from this matter." (*Id*.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

---

matter jurisdiction to entertain Plaintiff's claim. *Id*. Plaintiff appealed the decision, and the Second Circuit affirmed. *Thomas v. Soc. Sec. Admin.*, 551 F. App'x 24 (2d Cir. 2014).

**b. Recusal motion**

Plaintiff's motion for recusal is denied. In his Amended Complaint, Plaintiff references the Court's May 2013 Decision, and asserts that he was "placed in bondage, according to the whim of some office holder" apparently referencing the appointment of a guardian *ad litem*, and that neither the Court in its May 2013 Decision nor the Second Circuit judges who affirmed the May 2013 Decision "sought nor dealt with" the "truth." (Am. Compl. 1.)

Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 546 (1994). This provision "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Id.* at 557–58. "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.*; *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir. 2012) ("The question, as we have put it, is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" (quoting *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008)).

Disagreement with a court's decision, in and of itself, is not a sufficient basis on which the Court would grant a recusal motion. *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *S.E.C. v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse

rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (quoting *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009)); *LoCascio v. United States*, 372 F. Supp. 2d 304, 314–15 (E.D.N.Y. 2005) ("Although phrased differently in the countless cases in which the principle is announced, simply stated it is that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion and that the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (internal quotation marks and citations omitted)) *aff'd*, *LoCascio*, 473 F.3d at 493. "[A] high threshold is required" to satisfy the standard for recusal. *Liteky*, 510 U.S. at 557–58 (noting that because of the high threshold for recusal "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute").

Plaintiff refers to the Court's May 2013 Decision, disagrees with the decision, and believes that because of the decision, "the 'truth' was not sought or dealt with" by the Court. (Am. Compl. 1.) Plaintiff has not made any factual allegations to suggest that an objective, disinterested observer would question the Court's impartiality because of its May 2013 Decision. Plaintiff's recusal motion is therefore denied. *See Carlton*, 534 F.3d at 100 (affirming lower court's decision to deny motion for recusal because even comments by judges that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" (internal quotation marks and citations omitted)); *Razmilovic*, 2010 WL 2540762 at *4–5 (holding that the court would not recuse itself when party moved for motion of recusal after judge made "unfavorable rulings against [party] which ultimately led to

the entry of a default judgment against him on the issue of his liability for violations of securities laws").

**c. Failure to State a Claim**

Plaintiff's Amended Complaint fails to cure the deficiencies noted by the Court in its September 2014 Decision and does not state a claim or allege any facts that could support a claim.

Liberally construing the Amended Complaint, Plaintiff appears to state that the Court refuses to acknowledge the existence of "Articles 8 and 25-1 of the Universal Declaration of Human Rights (12-10-48)," ignores his demands for a jury trial, wrongfully concluded that Plaintiff's claims may be barred by the statute of limitations by ignoring "Washington D.C.," and instead gives "power" to "Governor Andrew Cuomo" and "Plaintiff should be appealing to the Governor." (Am. Compl. 1.) While Plaintiff's allegations challenge the Court's May 2013 Decision, they fail to state any facts that could give rise to a claim against Defendant in this action. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [Rule 8's] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint because plaintiff supplied "no facts" to support a federal cause of action against the named defendant); *Kalter v. Hartford Ins. Co. of the Midwest*, No. 14-CV-1115, 2014 WL 1515657, at *4 (E.D.N.Y. Apr. 17, 2014) (dismissing, *sua sponte*, certain "broad, vague and generalized" claims).

## III. Conclusion

For the foregoing reasons, Plaintiff's recusal motion is denied and the Amended Complaint is dismissed for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 20, 2015
Brooklyn, New York